Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC
P.O. Box 7051
Missoula, MT 59807-7051
406-721-1435
tim@bechtoldlaw.net

Attorney for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| KATHLEEN ADAMS, individually, as Personal Representative of the Estate of Jay Thomas Allen; and as Guardian of Jaylynne Allen, T'Jay Allen, and Lane Allen; JOHN ALLEN; DIANA ALLEN; CHRISTA ALLEN; JOHN C. ALLEN; and TODD ALLEN, <br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CV 08-42-M-DWM-JCL <br><br><br><br>**COMPLAINT** |

Plaintiffs allege as follows:

1. Plaintiff Kathleen Adams is the surviving spouse of Jay Thomas Allen, and the natural mother of their minor children Jaylynne Allen, T'Jay Allen, and Lane Allen. Ms. Adams is the duly appointed, qualified, and acting personal representative of the estate of Jay Thomas Allen. Ms. Adams is a citizen of the State of Montana and a resident of Blaine County, Montana.

2. Plaintiff Kathleen Adams brings this action on behalf of herself, on behalf of the estate of Jay Thomas Allen, on behalf of her children, and on behalf of the heirs of the Estate of Jay Thomas Allen, all of whom have sustained lawful damages as a result of Jay Thomas Allen's injuries and death.

3. Plaintiff John Allen, the surviving father of Jay Thomas Allen, is a citizen of the State of Montana and a resident of Blaine County, Montana.

4. Plaintiff Diana Allen, the surviving mother of Jay Thomas Allen, is a citizen of the State of Montana and a resident of Blaine County, Montana.

5. Plaintiffs Christa Allen, John C. Allen, and Todd Allen, surviving siblings of Jay Thomas Allen, are citizens of the State of Montana and residents of Blaine County, Montana.

6. This Court has jurisdiction over this cause of action pursuant to the Federal Tort Claims Act, 28 U.S.C. 2671, *et seq.*, because the claim arises from conduct of federal government agents and Plaintiffs have exhausted administrative remedies.

7. This Court has exclusive jurisdiction over tort claims brought against the United States pursuant to 28 U.S.C. § 1346(b).

8. Plaintiffs filed a Federal Tort Claim Act claim on June 15, 2007. The government has not acted on the claim, therefore Plaintiffs' claims are now ripe for adjudication.

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(e) and 1402(b).  Venue also is proper in this division under L.R. 1.11, referencing MCA § 25-2-122, because the United States is the named Defendant. *See Rotzler v. United States*, CV 07-115-M-DWM, slip op. at 4-7 (D. Mont. Jan. 24, 2008).

10. On June 14, 2005 Jay Thomas Allen, an enrolled Assiniboine, returned home from a

sweat lodge ceremony at about 10:00 p.m. He was feverish and vomited and had a restless night.

11. On June 15, 2005, the next morning, Jay continued to be feverish and irritable. He vomited again. Then around noon he collapsed while playing basketball at his home and lost strength and control in the right side of his body.

12. Jay's spouse Kathleen took him to the Indian Health Service clinic in Harlem, Montana, where she and another relative carried him into the clinic by supporting him under each arm at about 1:00 p.m. Jay was able to speak upon arrival at the IHS clinic, but eventually lost the ability to speak, and he became incontinent.

13. Health care providers at the Harlem IHS clinic suspected Jay was intoxicated and did not provide immediate care.

14. Health care providers at the Harlem IHS clinic only began to assess Jay's condition at about 1:50 p.m. after repeated entreaties.

15. Health care providers at the Harlem IHS clinic eventually determined that Jay had experienced an intracerebral hemorrhage, and arranged for emergency transport to Billings Deaconess at about 6:00 p.m.

16. Jay was transported to Billings and then redirected to Great Falls Benefis Healthcare, where he arrived at about 8:00 p.m.

17. Health care providers at Benefis eventually determined that Jay had a stroke caused by a blood clot.

18. On June 25, 2005 Jay was transferred to the inpatient rehabilitation facility at Benefis, where he continued until July 28, 2005.

19. Through the remainder of 2005 and until April 26, 2006 Jay continued outpatient and self-directed rehabilitation.

20. On April 26, 2006 Jay appeared to experience a seizure of some type, so Kathleen called an ambulance and Jay was transported to the IHS clinic in Harlem where he arrived at about 1:00 p.m. An electrocardiogram returned abnormal.  IHS health care providers believed Jay was experiencing a stroke, and at about 3:10 p.m. directed Kathleen to take him in a private vehicle to Northern Montana Hospital in Havre to have a CT scan performed on his head.

21. Kathleen took Jay to Havre for the CT scan and returned to the IHS clinic at about 5:20 p.m. whereupon health care providers at the IHS clinic directed Kathleen to take him home.

22. At about 6:30 p.m. Kathleen called the IHS clinic and reported that Jay was having a seizure. She called back shortly thereafter to report that Jay was not breathing. An ambulance was called, and Jay arrived via ambulance at the IHS clinic at about 7:45 p.m. in full cardiac arrest. He was pronounced dead at about 9:06 p.m.

23. IHS health care providers were negligent and violated the standard of care in failing to properly diagnose and properly treat Jay's condition upon arrival at the IHS clinic on June 15, 2005, and unreasonably delayed assessing and treating him.  The failure to asses and treat Jay in a timely manner caused his condition to deteriorate and exacerbated his symptoms.

24. IHS health care providers were negligent and violated the standard of care in failing to properly diagnose and properly treat Jay's condition at the IHS clinic on April 26, 2006,

and unreasonably delayed assessing and treating him.  The failure to asses and treat Jay in a timely manner caused his condition to deteriorate and eventually caused his death.

25. As a direct and proximate result of each of the acts and omissions of the IHS health care providers alleged in this Complaint, Jay suffered severe injuries resulting in his disability and his death. Plaintiffs should receive lawful damages under Montana's survival statute, MCA § 27-1-501, and wrongful death statute, MCA § 27-1-513, as follows:

A. For the disability and wrongful death of Jay Thomas Allen and the loss of economic and family support, companionship, affection, society, consortium, comfort and services he provided to his family;

B. For Jay's mental anguish, pain and suffering before he died;

C. For Jay's loss of income and permanent impairment of earning capacity;

D. For Jay's funeral and burial costs; and

E. For Jay's care and medical expenses before he died.

**WHEREFORE**, Plaintiffs demand judgment against the Defendant as follows:

1. For judgment in such amounts as shall be proven at the time of trial.
2. For an award of attorney's fees and costs as provided by any applicable provision of law.
3. For such other and further relief as the Court deems just and equitable.

DATED this 31st day of March, 2008.

By: ___/s/ Timothy M. Bechtold___
Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC