GEORGE F. DARRAGH JR.
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 3447
Great Falls, MT 59403
119 First Ave. North, #300
Great Falls, MT 59401
Phone: (406) 761-7715
FAX: (406) 453-9973
Email: george.darragh@usdoj.gov

ATTORNEY FOR DEFENDANT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| KATHLEEN ADAMS, individually, as Personal Representative of the Estate of Jay Thomas Allen; and as Guardian of Jaylynne Allen, T'Jay Allen, and Lane Allen; JOHN ALLEN; DIANA ALLEN,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CV 08-42-M-DWM<br><br>STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677 |

It is hereby stipulated by and between the undersigned plaintiffs (meaning any person, other than the defendant and the structured settlement broker, signing this agreement, whether or not a party to this civil action), and the United States of America, by and through their respective attorneys, as follows:

1. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Settlement Agreement.

2. This Stipulation For Compromise Settlement And Release is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to the plaintiffs. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

3. The United States agrees to pay the undersigned plaintiffs the cash sums set forth below in paragraph 3(a), to purchase the annuity contract(s) described below in paragraph 3(a)(i) and to make a lump sum payment described below in paragraph 3(a)(ii).

  a. As soon as it is practicable after the execution of this Stipulation For Compromise Settlement And Release, the United States will pay by wire transfer to Harlan & Associates, Inc., Government Escrow Account, trust account number xxxx7292, routing number 073919212, Peoples Trust & Savings Bank, 1185 Southeast University, Waukee, IA 50263, the sum of Six Hundred Fifty Thousand Dollars ($650,000)(hereinafter "settlement amount"), which will be disbursed by Summit Structured Settlements from said trust account.

  i. To an annuity company or companies rated at least A+ (Superior), Financial Class Size XV, insurer, as determined by the A.M. Best's Company, sums sufficient to purchase the annuity contracts described in paragraph 4.b(i-iii), below.

  ii. Kathleen Adams, John Allen and Diana Allen and their counsel, through an electronic fund transfer to Timothy M. Bechtold, Bechtold Law Firm IOLTA at First Interstate Bank, Missoula, MT, ABA Routing Number: 092901683, Account Number: xxxxxx6103, as soon as practicable following receipt of such wire transfer from the United States, a cash sum of approximately $290,000.00.

The parties agree that any attorney's fees owed by the plaintiffs shall not exceed 25% of the settlement amount (28 U.S.C. § 2678) and must be paid out of the settlement amount and not in addition thereto.

    b.    The United States will purchase an annuity contract(s) to make the following payments:

        i.    To purchase a Period Certain Annuity contract for the benefit of Jaylynn Allen the sum of $12,500.00 payable annually guaranteed for four annual payments, beginning May 25, 2014, with the last guaranteed payment on May 25, 2017 and a guaranteed sum certain payment of $20,000.00 on May 25, 2020, $40,000.00 on May 25, 2023 and $77,439.07 on May 25, 2025.

        ii.    To purchase a Period Certain Annuity contract for the benefit of T'Jay Allen the sum of $12,500.00 payable annually guaranteed for four annual payments, beginning July 21, 2016, with the last guaranteed payment on July 21, 2019 and a guaranteed sum certain payment of $25,000.00 on July 21, 2022, $50,000.00 on July 21, 2025 and $93,640.97 on July 21, 2028.

        iii.    To purchase a Period Certain Annuity contract for the benefit of Lane Allen the sum of $15,000.00 payable annually guaranteed for four annual payments, beginning July 19, 2019, with the last guaranteed payment on

July 19, 2022 and a guaranteed sum certain payment of $30,000.00 on July 19, 2025, $60,000.00 on July 19, 2028 and $106,290.98 on July 19, 2031.

The annuity contract(s) will be owned solely and exclusively by the United States and will be purchased as soon as practicable following the execution of this Stipulation For Compromise Settlement And Release. The parties stipulate and agree that the United States' only obligation with respect to said annuity contract(s) and any annuity payments therefrom is to purchase the annuity contract(s), and they further agree that the United States does not guarantee or insure any of the annuity payments. The parties further stipulate and agree that the United States is released from any and all obligations with respect to the annuity contract(s) and annuity payments upon the purchase of the annuity contract(s).

The parties stipulate and agree that the annuity company that issued the annuity contract(s) or its assignee(s) shall at all times have the sole obligation for making all annuity payments. The obligation of the annuity company to make each annuity payment shall be discharged upon the mailing of a valid check in the amount of such payment to the address designated by the party to whom the payment is required to be made under this Stipulation For Compromise Settlement And Release. Checks lost or delayed through no fault of the annuity company

shall be promptly replaced by the annuity company, but the annuity company is not liable for interest during the interim.

The parties stipulate and agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties, that no part of any annuity payments called for herein or any assets of the United States or the annuity company are subject to execution or any legal process for any obligation in any manner, and that the plaintiffs shall not have the power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

Plaintiffs and their guardians, heirs, executors, administrators or assigns do hereby agree to maintain with the annuity company and the United States a current mailing address, and to notify the annuity company and the United States of the death of any beneficiary of said annuity contract(s) within ten (10) days of death.

4.      Plaintiffs and their guardians, heirs, executors, administrators, or assigns do hereby accept the cash sums set forth above in paragraph 3(a) and the purchase of the annuity contract(s) set forth above in paragraph 3(b) in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including any future claims for wrongful death and any claims for fees, costs and expenses, arising from, and by reason of,

any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, death, or damage to property, and the consequences thereof, which the plaintiffs or their heirs, executors, administrators, or assigns may have or hereafter acquire against the United States, its agents, servants and employees on account of the same subject matter that gave rise to the above-captioned action. Plaintiffs and their guardians, heirs, executors, administrators, and assigns do hereby further agree to reimburse, indemnify and hold harmless the United States and its agents, servants, and employees from and against any and all such claims, causes of action, liens, rights, or subrogated or contribution interests incident to or resulting or arising from the acts or omissions that gave rise to the above-captioned action, including claims or causes of action for wrongful death.

5.  In the event of any change of annuity cost rates between the date of this Settlement Agreement and the funding of the settlement and requisite annuity contract(s), the parties stipulate and agree that the amount or timing of the benefits set forth above may be appropriately adjusted to ensure the total combined premium costs of the periodic payment does not exceed the sum of $360,000.00

6.  The compromise settlement is specifically subject to each of the following conditions:

a. An agreement by the parties on the terms, conditions, and requirements of this Stipulation For Compromise Settlement And Release and the annuity contract(s). The parties stipulate and agree that the Stipulation For Compromise Settlement And Release and the compromise settlement are null and void in the event the parties cannot agree on the terms, conditions and requirements of this Stipulation For Compromise Settlement And Release and the annuity contract(s). The terms, conditions and requirements of this Stipulation For Compromise Settlement And Release are not severable and the failure to agree, fulfill or comply with any term, condition, or requirement renders the entire Stipulation For Compromise Settlement And Release and the compromise settlement null and void. The authorization by the Attorney General or the Attorney General's designee to negotiate and consummate a settlement for the amount agreed upon by the parties does not make the settlement binding upon the United States unless and until the other terms, conditions and requirements of this Stipulation For Compromise Settlement And Release have been completely agreed upon in writing.

b. In the event any plaintiff is a minor or a legally incompetent adult, the plaintiffs must obtain Court approval of the settlement at their expense. Such court approval must be obtained prior to the purchase of the annuity

contract(s) set forth above in paragraph 3(b). Plaintiffs agree to obtain such approval in a timely manner: time being of the essence. Plaintiffs further agree that the United States may void this settlement at its option in the event such approval is not obtained in a timely manner. In the event plaintiffs fail to obtain such Court approval, the entire Stipulation For Compromise Settlement And Release and the compromise settlement are null and void.

7. Plaintiffs' attorney agrees to distribute the settlement proceeds among the plaintiffs and to obtain a dismissal of the above-captioned action with prejudice, with each party bearing its own fees, costs, and expenses.

8. The parties agree that this Stipulation for Compromise Settlement and Release, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

9. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

Executed this 18th day of May, 2010.

MICHAEL W. COTTER
United States Attorney

*/s/ George F. Darragh, Jr.*
GEORGE F. DARRAGH, JR.
Attorney for Defendant,
United States of America

Executed this 11th day of May, 2010.

_____
TIMOTHY M. BECHTOLD
Attorney for Plaintiff

Executed this 13th day of May, 2010.

_____
E. CRAIG DAUE
Attorney for Plaintiff

Executed this 11th day of May, 2010.

*Kathleen Adams*
KATHLEEN ADAMS, Individual
Plaintiff

Executed this 11th day of May, 2010.

*Kathleen Adams*
KATHLEEN ADAMS, as Personal
Representative of the Estate of Jay
Thomas Allen

Executed this 11th day of May, 2010.

*Kathleen Adams*
KATHLEEN ADAMS, as Guardian
of Jaylynne Allen

Executed this 11th day of May, 2010.

*Kathleen Adams*
KATHLEEN ADAMS, as Guardian
of T'Jay Allen

Executed this 11th day of May, 2010.

*Kathleen Adams*
KATHLEEN ADAMS, as Guardian
of Lane Allen

Executed this \_\_11\_\_ day of \_\_May\_\_, 2010.

*/s/ John Allen/*
JOHN ALLEN, Plaintiff

Executed this \_\_11\_\_ day of \_\_May\_\_, 2010.

*/s/ Diana Allen/*
DIANA A̶D̶A̶M̶S̶ ALLEN, Plaintiff

Executed this 12 day of MAY , 2010.

*[signature]*

STAN K. HARLAN, CSSC
President, CEO
Summit Structured Settlements